# LEEDS BROWN LAW, P.C.

One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550
_____*Attorneys at Law*_____

February 8, 2024

**_Via ECF and Via Email_**
Hon. Cathy Seibel, U.S.D.J.
United States District Court, Southern District New York
300 Quarropas St.
White Plains, NY 10601

        Re:    **Ben-Porath v. Vassar College**
                  Case No. 7:23-cv-08713 (CS)

Dear Judge Seibel:

      Our firm, along with Lynch Carpenter, LLP, represent Plaintiff Ben-Porath in the above-captioned matter, and we write pursuant to the Court's Order on January 12, 2024 and in response to Defendant Vassar College's (herein after "Vassar" or "Defendant"), motion to dismiss, prior to the Pre-Motion Conference scheduled for February 15, 2024. *See* Dkt. No. 21. For the following reasons, Defendant's motion should be denied in its entirety.[1]

### A. Plaintiff Has Adequately Alleged a Breach of Implied Contract

      Defendant's arguments at the pleading stage are flawed and premature. First, Defendant's positions are unsupportable under the Second Circuit's recent decision in *Rynasko v. New York University*, 68 F.4th 186 (2d. Cir. 2023), which aligned this Circuit with several other Circuit courts around the country on nearly identical claims.[2] In *Rynasko*, the Second Circuit properly construed the nature of the claims and requisite pleading requirements—all of which Vassar cannot dispute are plead here. Specifically, in overturning the district court and finding that the student plausibly alleged an implied contract, the Second Circuit looked at the student's allegations concerning language in the course catalog, which designated courses as "in-person"; the university's marketing materials that described the benefits of attending college in New York City; the university's descriptions of its on-campus services and facilities; and the university's past course of conduct. *Rynasko*, 63 F.4th at 198. In reviewing those allegations, the Second Circuit properly concluded that "[a] factfinder could reasonably determine that [the university], in light of its representations and longstanding history, impliedly agreed that in-person courses, services,

---

[1] After review of the arguments presented by Defendant in relation to the Student Activity Fee and Health Service Fee, Plaintiff consents to dismissal of her claims related only to those specific fees.
[2] *See e.g., Hickey v. Univ. of Pittsburgh*, 77 F.4th 184 (3rd Cir. 2023); *Jones v. Adm'rs of the Tulane Educ. Fund*, 51 F.4th 1001 (5th Cir. 2022); H*ernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 668-69 (7th Cir. 2023); *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 884-85 (7th Cir. 2022); *Shaffer v. George Washington Univ.*, 27 F.4th 754, 764 (D.C. Cir. 2022); *Hogan v. S. Methodist Univ.*, 74 F.4th 371 (5th Cir. 2023).

activities, and facilities would compromise a substantial part of the [university's] educational experience for which students contracted." *Id.* at 199.[3]

Here Plaintiff has satisfied her pleading requirement by alleging that she enrolled in in-person courses (Dkt. No. 1, ¶¶ 12, 43, 45, 49-52), Defendant represented in official policy documents the benefit of its physical campus location and conveyed similar things in the marketing materials (id. ¶¶ 43, 44, 46, 104, 107), the services and facilities available on-campus (id. ¶¶38-39, 43, 107), when Plaintiff registered for classes certain representations were made as to the nature of the classes, the location on campus of such classes, and the modality of instruction, (id. ¶12), and Plaintiff relied on Vassar's past performance (id. ¶¶ 54, 105). Following *Rynasko*'s clear directive, courts in this District and others in New York continue to find that similar allegations are sufficient to allege a breach of contract and unjust enrichment in the COVID-19 tuition refund context. *See e.g., Coccaro v. Barnard College*, 2024 U.S. Dist. LEXIS 9313 (S.D.N.Y. Jan. 18, 2024) (in denying an almost identical motion by the same counsel, the court found that "[w]hile Barnard [College] is correct that Coccaro has not 'identif[ied] any specific promise of in-person instruction' … , the foregoing allegations plausibly allege a mutual expectation that students would receive 'generally in-person courses, activities, facilities, and services,' (citing *Rynasko*); *Meng v. New School*, 2023 U.S. Dist. LEXIS 140388 (S.D.N.Y. Aug. 11, 2023) ("Second Circuit [decision in *Rynasko*] clarified the pleading standard applicable in COVID-19 tuition refund actions."); *Boykin-Smith v. New York Institute of Technology*, 2023 N.Y. Misc. LEXIS 11500 (Sup. Ct. Nassau Cty., Oct. 17, 2023); *Carstairs v. Univ. of Rochester*, No. 6:20-cv-6690-CJS (W.D.N.Y. May 25, 2023); *see also Tapinekis v. Pace University*, 2023 N.Y. Misc. LEXIS 23350 * (Sup. Ct. N.Y. Cty. Dec. 26, 2023) (denying defendant's motion for summary judgment); *Tapinekis v. Pace University*, 2023 N.Y. Misc. LEXIS 23351 * (Sup. Ct. N.Y. Cty. Dec. 26, 2023).

Additionally, Defendant also raises two flawed defenses that it suggests relieves Vassar of its contractual obligations at this stage —specifically, impossibility and ratification. First, the defenses of impossibility and ratification are affirmative defenses that Vassar bears the burden of proof. *In re Sept. 11 Prop. Damage & Bus. Loss Litig.*, 481 F. Supp. 2d 253, 258 (S.D.N.Y. 2007). An affirmative defense may not ordinarily be raised on a motion to dismiss. *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 2023 U.S. Dist. LEXIS 75503, at *15 (S.D.N.Y. May 1, 2023). Indeed, other courts have refused to engage impossibility defenses on Rule 12 motions in the tuition refund context, and this Court should follow suit. *See New School*, 2023 U.S. Dist. LEXIS 140388, at *11 ("Resolution of such a defense . . . [is] not resolvable on a motion to dismiss."); *Barnard College*, 2024 U.S. Dist. LEXIS 9313, at *10 (same).

Further, numerous courts have addressed the impossibility defense and noted that even if it is factually proven, Vassar still may owe restitution or to return some portion of the monies it

---

[3] Defendant attempts to heighten the pleading requirement for a breach of contract as requiring an express promise based on the Second Circuit's recent opinion in *Goldberg v. Pace University*, 88 F.4th 204 (2d Cir. 2023). *See Goldberg*, 88 F.4th at 210 (stating that a "student must first identify an express promise for 'certain specified services' in the university's relevant materials"). But *Goldberg* does not purport to overturn or amend the Second Circuit's holding in *Rynasko*, and the language in both opinions is actually consistent on this point. *Compare id. with Rynasko*, 63 F.4th at 197 (citation omitted) (noting that a breach of implied contract claim requires the student to identify "specific promises set forth in a school's bulletins, circulars and handbooks, which are material to the student's relationship with the school"). Defendant's argument is unsupportable under *Rynasko*, which found that similar catalogs and marketing materials set forth a specific promise for "in-person services." *Rynasko*, 63 F.4th at 198.

collected for services it did not render. *See e.g., New School*, 2023 U.S. Dist. LEXIS 140388, at *11 (the "impossibility defense would not relieve it of its obligation to return any portion of the tuition or fees plaintiff paid to which the university is not entitled."); *Arredondo v. Univ. of La Verne*, 618 F.Supp. 3d 937, 947-48 (C.D.Cal. Aug. 2, 2022) (finding, at the summary judgment stage, that even if performance was impossible, it was unjust to retain money paid for services); *Ninivaggi v. Univ. of Delaware*, 555 F. Supp. 3d 44, 53 (D. Del. 2021) (finding that state governor ordering colleges to halt in-person activities did not bar students' tuition refund lawsuit, as students might be able to recover restitution).

Similarly, Vassar's ratification argument fails as Vassar must show Plaintiff had a clear manifestation of intent to relinquish her contract right, and it should not be presumed. *Fundamental Portfolio Advisors v. Tocqueville Asset Mgmt, L.P.*, 850 N.E.2d 653, 658 (N.Y. 2006). Vassar is unable to satisfy its burden based on the pleadings. Other courts reviewing nearly identical claims have similarly rejected such arguments. *See Miranda v. Xavier Univ.*, 594 F. Supp. 3d 961, 972 (S.D. Ohio 2022); *Gibson v. Lynn Univ., Inc.*, 504 F. Supp. 3d 1335, 1343 (S.D. Fla. 2020) ("The Court disagrees that the issue of ratification is established on the face of the pleadings. It is not apparent from the allegations in the Amended Complaint what information was conveyed to students at the time Lynn moved its courses online or what actions, if any, Plaintiff took upon learning of the transition. Nor do the pleadings show that Plaintiff knew he could reject the contract at any point during the Spring semester."); *New School*, 2023 U.S. Dist. LEXIS 140388, at *16 ("The only fact defendant points to in support of its waiver argument is plaintiff's continued attendance of TNS after it moved online and received credits towards her degree. This act is equivocal at best and is not necessarily inconsistent with an intent to later sue for damages.).

### B. Plaintiff has Adequately Alleged Unjust Enrichment

To recover under unjust enrichment under New York law, a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered. *Columbia Mem'l Hosp. v. Hinds*, 192 N.E.3d 1128, 1137 (2022). Defendant's flawed argument attempts to entirely frame the pleading standard as requiring tortious or fraudulent conduct. But *Rynasko* did not require such a standard. *Id.*, 63 F.4th at 201-202. Defendant argues that equity and good conscience does not require restitution because Vassar had to switch to remote learning in the face of the COVID-19 pandemic. However, Defendant's argument here are similarly unavailing, as "[e]ven if it were true that [Vassar] had no choice but to shut down its campus, and that doing so was the right thing to do at the time, it does not follow that it is just or reasonable to allow defendant to retain the entirety of plaintiff's tuition." *New School*, 2023 U.S. Dist. LEXIS 140388, at *17-18.

To the extent that the Court believes the Complaint fails to preemptively address Defendant's affirmative defenses or that further detail is required to address issues including the contract formation stages, this Court should permit Plaintiff to amend the complaint.

Respectfully submitted,
**LEEDS BROWN LAW, P.C.**
  /s/Anthony M. Alesandro
Anthony M. Alesandro

CC:   All Counsel of Record (via ECF)