IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NAOMI BEN-PORATH, *on behalf of herself and all others similarly situated*,

                Plaintiff,

v.

VASSAR COLLEGE,

                Defendant.

Civil Action No. 7:23-cv-08713-CS

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant VASSAR COLLEGE (the "College") hereby notifies the Court of the following decision that has was issued since the completion of briefing on the College's pending FRCP Rule 12(c) Motion to Dismiss (ECF Doc. Nos. 14, 15, 19, 25), and which is directly relevant to the issues therein.

> ***Bergeron v. Rochester Institute of Technology***, 20-CV-6283 (CJS), 2023 WL 1767157 (W.D.N.Y. Feb. 3, 2023), *aff'd*, No. 23-271 (2d Cir. Dec. 10, 2024) [**Exhibit A**]

On December 10, 2024, the Second Circuit affirmed the district court's decision granting Rochester Institute of Technology ("RIT") summary judgment dismissing plaintiffs' tuition and fee refund class action (the "Decision"). In *Bergeron*, like in the above-captioned action, the plaintiffs sought refunds of tuition and student fees that they paid to RIT for the Spring 2020 semester because of RIT's transition to remote instruction and services due to the COVID-19 pandemic. As is relevant here, the Second Circuit confirmed that

> Under New York law, "only specific promises set forth in a school's bulletins, circulars[,] and handbooks, which are material to the student's relationship with the school, can establish the existence of an implied contract." *Keefe v. New York L. Sch.*, 897 N.Y.S.2d 94, 95 (1st Dep't 2010).

*Decision*, p. 3.

The Second Circuit further held the following:

- "Passing references to 'campus facilities' and the 'RIT campus' are not the sort of 'specific promise' that gives rise to an implied contract between a university and its students." *Id.*, p. 4 (quoting *Cheves v. Trs. of Columbia Univ.*, 931 N.Y.S.2d 877, 877 (1st Dep't 2011).
- "RIT's 'prior conduct' of in-person instruction 'does not transform over time into contractual entitlement.'" *Id.* (quoting *Hassan v. Fordham Univ.*, 515 F.Supp.3d 77, 89 (S.D.N.Y. 2021).
- The "mere existence" of a fully online program "does not demonstrate that RIT promised all non-RIT Online classes would be in-person." *Id.*

The *Bergeron* Court also dismissed plaintiffs' unjust enrichment cause of action, holding that the claim duplicated plaintiffs' breach of contract claim. *Id.*, p 5.

It is respectfully submitted that the Decision supports the College's pending motion for judgment on the pleadings.

Dated: New York, New York  
December 12, 2024

BOND SCHOENECK & KING, PLLC

By: _____/s/_____  
Suzanne M. Messer, Esq.  
Mallory A. Campbell, Esq.  
*Attorneys for Defendant*  
600 Third Avenue, 22nd Floor  
New York, New York 10016  
(646) 253-2300  
smesser@bsk.com  
mcampbell@bsk.com